### GOETZ v. UNITED STATES.
#### No. 5520.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1930.

Leonard Brown, of San Antonio, Tex., for appellant.

John D. Hartman, U. S. Atty., of San Antonio, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted and sentenced separately on the first, second, and fourth counts of an indictment which charged violations of the National Prohibition Act (27 USCA). The first count charged possession of intoxicating liquor, the second its manufacture, and the fourth possession of the distillery used in such manufacture.

Appellant was arrested while he was engaged, in a building other than and away from his home, in the manufacture of liquor, and had in his possession a distillery and the liquor he had manufactured with it. The court overruled his objection to evidence disclosed by the search which was made without a search warrant. The two officers who made the arrest testified for the government on direct examination that, before making it, they had received information that appellant was operating a distillery in the building where they later found him. On cross-examination they were asked to give the name of their informant, but the government's objection to this question was sustained. The above rulings upon the evidence are assigned as error.

It is argued that the search without a warrant was void, but clearly it was not. Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898. Nor was it error for the trial court in its discretion to refuse to compel the government officers to give the name of their informant. Underhill's Criminal Evidence, § 287; Roscoe's Criminal Evidence, 179; Wigmore on Evidence, § 2374. A defendant who is convicted of the manufacture of liquor cannot upon the same evidence also be convicted of possession of the liquor thereby brought into existence and of possession of apparatus without which it could not have been manufactured. Tritico v. United States (C. C. A.) 4 F.(2d) 664.

The conviction under the first and fourth counts is reversed, and that under the second count is affirmed. The sentence of the court is reversed and set aside, with directions to resentence appellant on the second count.