### SHELTON v. UNITED STATES.*
### No. 6979.

Circuit Court of Appeals, Fifth Circuit.
Feb. 28, 1934.

Meinhard H. Myerson and Francis L. Poor, both of Jacksonville, Fla., and Harold J. Bandy, of Granite City, Ill., for appellant.

John W. Holland, U. S. Atty., and Wm. A. Paisley, Asst. U. S. Atty., both of Jacksonville, Fla., for the United States.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted upon two counts of an indictment, the first charging transportation of intoxicating liquor in violation of the National Prohibition Act (27 USCA), and the second facilitating concealment of the liquor in a motor boat, with knowledge that it had been unlawfully imported into the United States; and was sentenced, not separately upon each count, but generally to a term of 18 months in the penitentiary. On the ground that the evidence was insufficient to sustain the verdict of guilty upon either count, he assigns as error the failure of the trial court to direct a verdict in his favor.

As the Eighteenth Amendment has been repealed, we are concerned only with the offense charged in the second count. United States v. Chambers, 54 S. Ct. 434, 78 L. Ed. ——. It was proven without contradiction that appellant was one of those on board and in charge of a motor boat as it came from the ocean at night and without lights and entered Mantanzas Inlet in St. Johns county, Fla., and proceeded toward St. Augustine, until it went aground and was seized. There is no room for doubt that appellant aided in smuggling the liquor into the United States and in concealing it after it was brought in. A general verdict is good if any count of the indictment will sustain it; and the sentence will not be set aside if the punishment is not greater than could have been imposed upon the good counts. As the sentence in this case is not greater than could have been imposed under the second count, the judgment is affirmed.