## PARKS v. UNITED STATES.*
### No. 7666.

Circuit Court of Appeals, Fifth Circuit.
April 17, 1935.

*Rehearing denied May 31, 1935.

710

W. O. Cooper, Jr., of Macon, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith, Asst. U. S. Atty., both of Macon, Ga.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant was convicted upon four counts of an indictment charging: (1) The unlawful sale of distilled spirits in an unstamped container; (2) the concealment of tax unpaid liquor, with intent to defraud the United States; (3) carrying on the business of a retail liquor dealer without having paid the special tax; (4) possession of distilled spirits, the immediate container of which was not stamped. He was sentenced not separately upon each count, but generally, to a term of two years in the penitentiary. He appeals, making only one claim of error, that his motion for the suppression and exclusion of evidence obtained by a search of his premises, was wrongfully overruled.

It is contended on the motion that having entered appellant's premises by authority not of a search warrant, but of a warrant of arrest, the officers thereafter by an unreasonable exploratory search and seizure obtained the evidences of guilt on which he was convicted. The government offered abundant and uncontradicted evidence establishing appellant's guilt on each count. Appellant offered no evidence. He relied entirely on his motion to suppress and exclude.

It is a complete answer to appellant's claim that the judgment should be reversed to point out that his sentence was no greater than could have been imposed on him on the first count, and that on this count conviction was obtained upon uncontradicted evidence, including that of the purchaser obtained wholly independent of the actions complained of in the motion to suppress. Shelton v. U. S. (C. C. A.) 69 F. (2d) 223. A further answer to the claim of prejudicial error is to be found in the uncontradicted evidence of the officers, that before they entered the house to arrest appellant they had seen him and his codefendant making trips from the house, carrying illicit whisky into the woods, and that they found a large quantity of this whisky they testified to finding in an open field and not on his inclosed premises. Hester v. U. S., 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898.

But the overruling of the motion was not error. The situation existing at and before the arrest, the illicit sale which the officers knew of, the carrying of the liquor out of the house and into the thicket in their presence, the arrest of the defendant, his breaking away and running into the house for concealment, the fact that the officers had to search through the house to find him hidden there, and the further fact that when they went into the yard the smell of liquor was heavy on the air, entitled them to follow the evidences of their senses, and uncover the whisky appellant had hidden in his yard. McBride v. U. S. (C. C. A.) 284 F. 416; Marron v. U. S., 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231; Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Benton v. U. S. (C. C. A.) 28 F.(2d) 695.

The cases relied on by appellant, Taylor v. U. S., 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951; Byars v. U. S., 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Go-Bart Imp. Co. v. U. S., 282 U. S. 344, 356, 51 S. Ct. 153, 75 L. Ed. 374; U. S. v. Lefkowitz, 285 U. S. 452, 52 S. Ct. 420, 76 L. Ed. 877, 82 A. L. R. 775, are not in point. In the Taylor Case the officers entered a dwelling house with no warrant except that they smelled whisky there; they had neither search warrant nor warrant of arrest, searches in connection with a lawful arrest were expressly distinguished. In Byars' Case as in Taylor's, the entry was illegal, in Taylor's because they had no warrant, in Byars' because the warrant was invalid. In the Go-Bart and Lefkowitz Cases what was seized was not

contraband or instruments of crime, but papers. Papers, as it was pointed out in the Lefkowitz Case, which could not have been seized even under a valid search warrant. All of these cases, as well as those on which the government relies, make it clear that no general rule to which all cases must conform has been or may be laid down as to what is the unreasonable search forbidden by the Constitution (Amend. 4). Each case must be determined in accordance with general principles, upon its own facts. It is sufficient to say of this case, that it is quite clear that no unreasonable search such as the Constitution forbids, went on. The judgment is affirmed.