**CANNON et al. v. UNITED STATES.**
No. 11675.

Circuit Court of Appeals, Fifth Circuit.
Dec. 27, 1946.

Rehearing Denied Jan. 22, 1947.
Writ of Certiorari Denied March 17, 1947.
See 67 S.Ct. 980.

---

[1] Nounes v. United States, 5 Cir., 4 F.2d 833.

spect of marihuana. Count one charged a conspiracy to import marihuana, count two its unlawful importation, count three its unlawful receipt and concealment after importation, and count four its unlawful acquisition within the United States.

Defendant Cannon's motion to suppress the evidence as to the search by customs officers of an automobile, in which they suspected marihuana was being carried and its seizure by them, and the motions of all the defendants, to require the Government to elect between counts one and four, were denied, and there was a verdict convicting Cannon and Smith as to counts one and four, and acquitting them as to counts two and three, and the other two defendants as to all counts.

Cannon and Smith are here urging as error (1) the denial of the motion to suppress, (2) the denial of the motion to require an election, and (3) the denial of their motion for an instructed verdict.

As to the motion to elect, appellants insist that there was a fatal inconsistency between count one, charging conspiracy to obtain marihuana in Mexico and import it, and count four, charging the unlawful acquisition within the United States of the same marihuana. No authority is cited in support of the view thus advanced that the government was required to elect between the two counts. We know of none. We think it quite plain that the denial of this motion was not error.

Edwin H. Grace, of New Orleans, La., and William H. Scott, of Houston, Tex., for appellants.

Brian S. Odem, U. S. Atty., and W. F. Leigh and Joseph W. Cash, Asst. U. S. Attys., all of Houston, Tex., and Charles C. Bowie, Asst. U. S. Atty., of Brownsville, Tex., for appellee.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Four defendants were charged in four counts with unlawful transactions in re-

The motion to direct a verdict was based as to both appellants on the illegality of the search and seizure of the marihuana found in Cannon's car. As to Smith, it was based on the claim that since the marihuana was found in the Studebaker then being driven by Cannon and not in the Mercury then being driven by Smith, there was no evidence to connect Smith with it. Neither Smith nor Cannon took the stand to testify or explain away the web of circumstances in which they were enmeshed. It may not be denied, that, unexplained,[1] these circumstances connect Smith and Cannon so

[1] Prichard v. United States, 5 Cir., 158 F.2d 952; Nounes v. United States, 5 Cir., 4 F.2d 833.

closely as to lead unerringly to the conviction that Smith and Cannon were engaged in a common enterprise, indeed, if the evidence obtained by the search and seizure was admissible, it convicts Smith as surely as it does Cannon. It shows, in short, that they were partners in the crime.

We turn then to the crux of the case, whether the search and seizure was, within the fourth amendment to the Constitution, an unreasonable one, or was reasonable, that is, based upon probable cause. Appellants attack it from two angles. The first is that it was based entirely upon hearsay information unsupported by any evidence of conduct from which the officers could draw a reasonable conclusion that a felony had been or was being committed. The second is that the refusal of the court to permit them to cross-examine the officers as to the name of their informant or informants was a denial of due process.

■ We think it plain that neither of these positions is well taken. As to the first, the authorities have settled it; that the guaranty of "the right of the people to be secure * * * against unreasonable searches and seizures * * *" does not forbid all searches and seizures, but only those that are unlawful because not based upon probable cause or upon a warrant where a warrant is required; and

that in a search of automobiles a warrant is rarely, if ever, required.[2] Each case must depend upon its own facts, and in each case it must be determined whether the information in the hands of the searching officer was sufficient to justify a reasonable person in believing that he had probable cause to search. Customs cases make this quite clear.[3]

■ We agree with the government that in addition to the information furnished, there were, as in Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L. Ed. 151, circumstances which made the search reasonable. We are also in no doubt that the testimony of the officers, that they had information which they believed was reliable, was sufficient in itself to justify the search.[4]

■ As to appellants' second point, that they were deprived of due process by the refusal of the court to require the officer to disclose the name of his informant, it is settled in this circuit and elsewhere, that "public policy forbids disclosure of an informer's identity unless essential to the defense."[5] The motion was heard by the court out of the presence of the jury. Appellants made no question of the fact that the information had been given. They did not allege that they believed that the officer was testifying falsely as to having received the information. They did not allege that such disclosure was neces-

---

[2] Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A. L.R. 1407.

[3] 19 U.S.C.A. § 482 provides:
"Any of the officers * * * may stop, search, and examine * * * any vehicle * * * on which * * * he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle * * * or otherwise, and to search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law; and if any such officer * * * shall find any merchandise on or about any such vehicle * * * or in any such trunk or envelope, which he

shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person in possession or charge, or by, in, or upon such vehicle, * * * or otherwise, he shall seize and secure the same for trial." Cf. United States v. Rembert, D.C., 284 F. 996; Carroll v. United States, note 2, supra.

[4] United States v. Li Fat Tong, 2 Cir., 152 F.2d 650; King v. United States, 9 Cir., 1 F.2d 932; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407.

[5] Goetz v. United States, 5 Cir., 39 F. 2d 903; Scher v. United States, 305 U. S. 251, 59 S.Ct. 174, 83 L.Ed. 151; United States v. Li Fat Tong, 2 Cir., 152 F. 2d 650; Mitrovich v. United States, 9 Cir., 15 F.2d 163; McInes v. United States, 9 Cir., 62 F.2d 180; Elrod v. Moss, 4 Cir., 278 F. 123.

sary or desirable as a predicate to appellants' defense on the merits. They moved to suppress, and, on trial of the motion to suppress before the court without a jury, asked the officer from whom he got the information. This question, objected to on the ground that the answer was not material, and the objection sustained, counsel for appellants, making no showing of prejudice to their defense on the merits, then went into an elaborate inquiry as to the nature and extent of the information he had. No reversible error appearing, the judgment is affirmed.