### SHELTON v. UNITED STATES.

No. 13995.

United States Court of Appeals
Fifth Circuit.

June 30, 1952.

Rehearing Denied Aug. 4, 1952.

828

R. P. Langford, El Paso, Tex., for appellant.

Holvey Williams, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

PER CURIAM.

Complaining of a search and seizure made in connection with his arrest at 4910 Alameda Avenue, El Paso, Texas, appellant, petitioner below, filed a petition for the return of seized property and the suppression of its use as evidence against him in any criminal proceeding.

The matter having come on for hearing and been fully heard, the district judge, upon evidence which came in without dispute that the search and seizure was not unreasonable, entered an order [1] denying the petition and this appeal followed.[2]

Here insisting that the search, though made in connection with his lawful arrest was not such a mere incidental search as under the applicable authorities [3] is reasonable, but was of the general exploratory kind which is forbidden, appellant, invoking Boyd v. U. S., 116 U.S. 616, 623, 6 S.Ct. 524, 29 L.Ed. 746; Agnello v. U. S., 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, and Go-Bart Importing Co. v. U. S., 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374, urges upon us that the judgment was erroneous and must be reversed.

We do not think so. We are fully mindful of the statement in the majority opinion, in U. S. v. Rabinowitz, 339 U.S., at page 66, 70 S.Ct. at page 435, 94 L.Ed. 653:

"* * * law officers must justify their conduct before courts which have always been, and must be, jealous of the individual's right of privacy within the broad sweep of the Fourth Amendment."

and of the solemn warnings set down so carefully in the minority opinion. Mindful also that reasonableness is in the first instance for the district judge to determine, we are of the opinion that the record furnishes us no basis for disregarding his finding and conclusion on that issue.

The order appealed from is

Affirmed.

1. "Order
"Filed January 18, 1952.
"On this, the 18th day of January, 1952, came on to be heard the above entitled and numbered cause, same being a petition asking that an inventory be furnished of the property involved, that Mr. D. K. Brown, Special Agent in Charge, Federal Bureau of Investigation, be directed that said property be returned to petitioner, and that it be suppressed as evidence against him in any criminal proceeding. Petitioner appeared in person and by R. P. Langford and Frank Ainsa, and the Government appeared by and through Assistant United States Attorney Holvey Williams, and all parties announced ready for trial. Evidence was heard, together with argument of counsel. It was agreed in open Court that the arrest of petitioner was legal and that D. K. Brown would cooperate with counsel for petitioner in preparing an inventory of the property. The Court is of the opinion that all of the property now retained by D. K. Brown and listed in the inventory filed with instant petition consists of tools, implements, and things used or fitted to be used in falsely making, forging, altering, and counterfeiting securities and in aiding in the falsely making, forging, and altering of titles to

stolen automobiles and in facilitating in the transportation of stolen automobiles and falsely made securities.
"It is, therefore, Ordered, Adjudged and Decreed that the said D. K. Brown will aid and assist counsel for petitioner in preparing a more minute inventory when requested to do so and the petition for the return of the property be, and the same is hereby denied, and the petition that it be suppressed as evidence in any criminal trial be, and the same is hereby denied and the same is hereby found to be legally retained and admissible in evidence in any criminal proceeding.
"R. E. Thomason
"United States District Judge."

2. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Perlman v. U. S., 247 U. S. 7, 38 S.Ct. 417, 62 L.Ed. 950; In re Milburne, 2 Cir., 77 F.2d 310.

3. U. S. v. Pisano, 7 Cir., 193 F.2d 361; Marron v. U. S., 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231; Harris v. U. S., 331 U. S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; U. S. v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.