## DRAYTON v. UNITED STATES.
### No. 14110.

United States Court of Appeals
Fifth Circuit.
June 5, 1953.

David D. Phillips, Miami, Fla., for appellant.

Fred Botts, Asst. U. S. Atty., Miami, Fla., Herbert S. Phillips, U. S. Atty. for Southern District of Florida, Tampa, Fla., for appellee.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Appellant, defendant below, was convicted of the unlawful acquisition of marihuana without payment of the transfer tax, contrary to 26 U.S.C.A. § 2593(a). On appeal, the determinative questions are the legality of defendant's arrest, and a search of her premises, both without a warrant.

The building in which the defendant was arrested, and the search conducted, is a two-story rooming house, in charge of the defendant Aldonia Drayton, as manager. On the ground floor of the building there are six rooms. One of them is a large room sometimes referred to as the "gambling room." Another is a small bedroom, occupied by the defendant. From the downstairs hallway, stairs ascended to the second floor where there are eleven other bedrooms, one of which was known as No. 5.

Two federal narcotics agents, while concealing their identity as such, made three purchases of marihuana through a bellboy working in a local hotel. Each time, for the purpose of making the purchase, one of the agents drove the bellboy, late at night, to a spot near the rooming house, where the bellboy left the agent's car. On the first two occasions the agents saw the bellboy proceed in the direction of the rooming house, and on the third occasion they saw him enter the rooming house, returning in each instance with a small wooden match box filled with marihuana. On the last occasion, they saw that the bellboy was admitted to the house by the defendant, who also came out on the front porch and looked carefully up and down the street before letting the bellboy out again a few minutes later. Immediately following the third purchase, which was shortly after midnight, the agents arrested the bellboy at the hotel where he worked. The narcotics agents, accompanied by three city police officers, then returned to the rooming house, where they arrested the defendant without a warrant, and searched her downstairs bedroom. They found no marihuana in this room, except some minute particles with which we are not here concerned, as the conviction was not based upon this find.

At the request of the narcotics agents, the defendant delivered to them a group of keys to the various rooms, but none of these keys would unlock room No. 5 upstairs. Whereupon, one of the agents specifically demanded from the defendant the key to No. 5. The defendant then produced a key from a dresser drawer in her downstairs bedroom. One of the federal narcotics agents, accompanied by the city policemen, went upstairs, unlocked room No. 5 with this key, searched the room, and found in a dresser drawer eight small wooden match boxes filled with marijuana, aggregating 440 grains, which was admitted in evidence at the trial, and which is the basis of defendant's conviction. This is the search in question. Defendant's motion to suppress the evidence was denied below.

■ Not every search, but only unreasonable ones, are proscribed by the Fourth Amendment. And there is no precise formula for the determination of reasonableness. Each case must turn on its own facts and circumstances. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Parks v. United States, 5 Cir., 76 F.2d 709; Matthews v. Correa, 2 Cir., 135 F.2d 534; Cannon v. United States, 5 Cir., 158 F.2d 952.

■ Although stricter requirements of reasonableness may apply where a dwelling is being searched, compare Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453; Matthews v. Correa, 2 Cir., 135 F.2d 534, 537, a search incident to a lawful arrest, which is otherwise reasonable, is not automatically rendered invalid by the fact that a dwelling place, as contrasted to business premises, is subjected to search. Harris v. United States, supra. In determining the question of reasonableness here, cases such as Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, and Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407, are inapposite, not only because of the great mobility of automobiles, but primarily because the search approved in those cases was pursuant to legislation consistent with the Fourth Amendment specifically authorizing such a search. See United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. The same was true in Kelly v. United States, 5 Cir., 197 F.2d 162; and Cannon v. United States, 5 Cir., 158 F.2d 952.

■ It is unquestionably true, that when a person has been lawfully arrested, either

with or without a warrant, the arresting officers may search his person, Weeks v. United States, 232 U.S. 383, text 392, 34 S.Ct. 341, text 344, 58 L.Ed. 652, text 655; Lefkowitz v. United States Attorney, 2 Cir., 52 F.2d 52; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, and contemporaneously with the arrest may search the premises under the immediate control of the person arrested. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231.

In Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, the Supreme Court approved a search, without a warrant, but incidental to a lawful arrest, extending throughout a four-room apartment consisting of a living room, bedroom, bathroom and kitchen, all under the control of the defendant who was arrested in the living room.

The search here involved transcends even the doctrine of the Harris case, which appears to be the apogee of the Supreme Court decisions on search of a dwelling without a warrant. In the Harris case the other rooms of the apartment were open, readily accessible, and contiguous to the situs of the arrest. Here, room No. 5, in which the contraband was found, was wholly unconnected with the room in which the arrest was made. It was on another floor, and in another part of the building. To reach it from the room where the arrest was made, it was necessary for the officers to go through the downstairs hall, up the stairway to the second floor, and down that hall until room No. 5 was reached. It was then necessary to unlock No. 5 with the key which the officers had demanded that the defendant produce, and which the defendant yielded involuntarily.

To sanction this search, even as an incident to a lawful arrest, would extend the doctrine of the Harris case too far. We have been directed to no authoritative case holding such a search reasonable.

This search was a general exploratory one, made solely in the hope of finding evidence—any evidence—which might connect the defendant with crime. Apparently, one of the primary purposes of making the arrest was to enable the federal officers to make a general search of the premises without a warrant. Such searches are uniformly condemned by the courts. Necessity and expediency are no answer. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877; Lefkowitz v. United States Attorney, 2 Cir., 52 F.2d 52; Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Henderson v. United States, 4 Cir., 12 F.2d 528, 51 A.L.R. 420; United States v. 1013 Crates of Empty Old Smuggler Whiskey Bottles, 2 Cir., 52 F.2d 49.

These officers had a reasonable opportunity to obtain a search warrant. No reason is apparent for their failure to do so, except the wholly inadequate ones that it was less troublesome and more expedient to proceed without it. The fact that the premises in question bore an unsavory reputation does not, of itself, authorize an exploratory search without a warrant, nor does it place the occupants of the premises beyond the protection of the Fourth Amendment. The search in question was an unreasonable one within the meaning of the Fourth Amendment. A conviction based upon evidence so obtained can not stand. Compare Gouled v. United States, 255 U.S. 298, text 304, 41 S.Ct. 261, text 263, 65 L.Ed. 647, text 650; Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520.

Reversed.