## HENDERSON v. UNITED STATES.
### No. 14344.

United States Court of Appeals
Fifth Circuit.
June 30, 1953.

Rehearing Denied Aug. 11, 1953.

STRUM, Circuit Judge.

Having waived a jury below, appellant was tried and convicted by the district judge of the unlawful purchase and sale of 19 grains of cocaine on April 4, 1952, and of the unlawful purchase and concealment of 329 grains of heroin on July 19, 1952.[1]

On the heroin counts, appellant was jointly indicted with John McClain, who did not appeal, and whose connection with the offense will hereafter appear.

Appellant here questions the sufficiency of the evidence to support each charge, and also asserts that a search without a warrant, by which evidence used in support of the heroin counts was procured, was unreasonable and in violation of the Fourth and Fifth Amendments to the Constitution of the United States.

In brief, the evidence in support of the cocaine counts is that appellant operated a rooming house or hotel upstairs over a night club, also operated by appellant, in Houston, Texas. On April 4, 1952, an under cover federal narcotic agent, who knew appellant, contacted her upstairs in the hotel part of the building, and there purchased from her 15 "capsules," paying her $40 for them. The capsules were found to contain 19 grains of cocaine hydrochloride. They had no tax stamps affixed thereto, and no order form was presented to appellant. As the agent was working in an under cover capacity, no arrest was made at the time of this transaction.

Appellant herself occupied an apartment in the hotel, located at the front end of the second floor. Other bedrooms extended along either side of a central hall running from front to back.

At about 1:30 a. m., July 19, 1952, a federal narcotic agent, accompanied by a Houston police officer, went to the rooming house to arrest appellant pursuant to a warrant issued in connection with the above mentioned cocaine sale of April 4, 1952. The narcotic agent stationed himself at the top of an outside stairway leading to the back door of the rooming house on the

Bernard A. Golding, Houston, Tex., for appellant.

William R. Eckhardt, Asst. U. S. Atty., Brian S. Odem, U. S. Atty., K. M. Nolen, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

1. The "purchase" counts of the indictment (1 and 3) were based on 26 U.S.C.A. § 2553(a), the "sale" count (2) on 26 U.S. C.A. § 2554(a), and the "concealment" count (4) on 21 U.S.C.A. § 174.

302

second floor. Through a glass panel in the door he could see along the straight hallway to appellant's apartment at the front. The policeman went to the front entrance and knocked. Coming out of her apartment into the hall, appellant asked who was at the door. Upon being told that it was a police officer, she asked him to wait "just a minute."

Looking down the hall, the narcotic agent saw appellant re-enter her apartment, from which she immediately emerged again, accompanied by her co-defendant, McClain, who was largely undressed. They went into an adjoining room, known as No. 1, immediately to the left of the entrance door of appellant's apartment, the door of which was but a few steps away. Appellant then returned to her own apartment and almost immediately came out again with a folded newspaper which she handed to McClain in room No. 1. She then went downstairs and admitted the police officer, who in turn admitted the narcotic agent at the back door. McClain closed the door to room No. 1, but did not lock it.

Upon entering appellant's apartment, the agent immediately placed her under arrest, informing her they had a warrant for her arrest, based upon the sale of 15 capsules of cocaine to another narcotic agent. They then searched appellant's apartment, but found nothing incriminating.

The narcotic agent having seen appellant pass the folded newspaper to McClain in No. 1 a few moments before, the officers entered that room, which was still unlocked. They found McClain stretched across the bed, feigning sleep, although the agent had seen him enter the room and receive the newspaper but a few moments before. They searched this room and found a newspaper concealed in the upholstery in the bottom of a chair. The newspaper was found to contain one ounce of heroin, which is the 329 grains mentioned in the third and fourth counts of the indictment. There was no other newspaper in the room.

McClain was arrested in room No. 1. While the police officer was searching room No. 1, the narcotic agent went into an open bathroom directly across the hall, where he found a hypodermic syringe concealed behind the wash basin. Both appellant and McClain were standing near by. The syringe and heroin were admitted in evidence in support of counts three and four, under which both appellant and McClain were convicted. The officers also forced the door to room No. 2, immediately adjacent to No. 1, but found nothing incriminating there. The officers had no search warrant. Appellant asserts that the search was unreasonable, and therefore contrary to the Fourth Amendment, and that it compelled her to testify against herself, contrary to the Fifth Amendment.

■ Though appellant questions the issuance and regularity of the warrant of arrest, there is ample evidence to support a finding that it had been issued, and that the officers were acting pursuant to it in arresting appellant, though they did not have it with them at the time of arrest. Fed.Rules Crim.Proc. rule 4(c) (3), 18 U.S.C.A., expressly sanctions such an arrest. As the officers complied with the rule, the arrest was lawful.

■ The search was not a general exploratory one, always condemned by the courts, but was incident to lawful arrests, and confined within reasonable bounds. Searches and seizures incident to lawful arrests have long been recognized as consistent with the Fourth and Fifth Amendments. It is well settled doctrine that the premises where a lawful arrest is made, and which are under the immediate control of the person arrested, are subject to search without a warrant, particularly when a crime is then being committed there. Such a search is consistent with the Fourth and Fifth Amendments, when confined to reasonable bounds. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; United States v. Pisano, 7 Cir., 193 F.2d 361; Shelton v. United States, 5 Cir., 197 F.2d 827.

■ There is a conflict in the evidence as to who had immediate control over room No. 1 when the search of that room was made. Appellant claims that the room

had been rented to McClain and that he lived there, while McClain testified that he was living in the apartment with appellant, which he was seen to leave when the police officer knocked on the door downstairs. However this may be, the result is the same so far as the search is concerned. If McClain was in immediate control of this room as tenant, then it was his privacy that was invaded. Appellant can not complain of that, and McClain is not complaining. Compare Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312. If, however, the room was untenanted and was in the immediate control of appellant as operator of the rooming house, then the search is well within the rule stated in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399.

There are several distinguishing differences between this case and Drayton v. United States, 5 Cir., 205 F.2d 35. First, this arrest was unquestionably lawful, and pursuant to a warrant. Also, room No. 1, in which the heroin was discovered, was not in a remote section of the building, as in the Drayton case, but was only a few steps away from where appellant was arrested. McClain was arrested in the room. The room was unlocked, and appellant was not called upon to unwillingly produce a key, as in the Drayton case. In addition, in this case the narcotic agent had just seen McClain and appellant come out of the latter's apartment, when the police officer knocked on the downstairs door, and saw appellant, a known purveyor of narcotics, pass the folded newspaper to McClain in room No. 1, before admitting the police officer. These, and other circumstances, clearly differentiate this case from the Drayton case.

 Appellant also complains that there is no specific proof that she knew, as charged in count four, that the heroin had been imported into the United States contrary to law. The statute on which this count is based, however, 21 U.S.C.A. § 174, specifically provides: "Whenever on trial for a violation of this subdivision the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." No such explanation was forthcoming here. See Aeby v. United States, 5 Cir., 206 F.2d 296.

Symons v. United States, 9 Cir., 178 F.2d 615, relied upon by appellant, though correctly decided, is inapposite here. Count two of that indictment, held not sufficiently proven, was based upon the former 19 U.S.C.A. § 1593(b), which at the time of the Symons offense, December 5, 1947, contained no provision as to proof such as that above quoted from 21 U.S.C.A. § 174, upon which count four of this indictment is based. In the revision of the Criminal Code, effective September 1, 1948, the former 19 U.S.C.A. § 1593(b) became section 545 of Title 18 of the Revised Code, and now contains such a provision.

Finding the evidence sufficient to support the conviction under all counts, and that the search complained of was consistent with the Fourth and Fifth Amendments, the judgment appealed from is

Affirmed.