O’CONNELL, Justice
(dissenting).
Francis Arthur Pflegl, appellant, was defendant in the Criminal Court of Record for Dade County. The State of Florida is the appellee. The parties will be referred to as they were in the lower court.
The facts are simple. At about 5:45 in the morning of January 6, 1955, Police Officers Bolds and White were cruising in their police car in the City of Miami. A passing motorist stopped them and informed them that he had just seen a Ford automobile with a described license tag stop at a particular address; that he had seen a man get out of the Ford; and that the man was wearing gloves and carrying a crowbar. Upon receiving this information, the Police Officers proceeded -to the spot reported by the motorist. This spot was near a filling station. As they approached, they saw a Ford automobile pull away from *78 the curb and proceed up the street. The Police stopped the Ford, although they observed no unlawful driving or other unlawful acts. When the car had stopped, the Police commanded its driver, the defendant, to get out.' They “frisked” him for weapons. A glove was observed hanging out of defendant’s pocket. Looking through the car window, the Police observed an adding machine on the seat, partially covered by clothing. There was sufficient illumination from the street lights for the Police to observe these facts. Defendant was thereupon arrested “on suspicion, investigation and suspicion of the person pending investigation of B and E and grand larceny”, according to one of the Officers. Defendant was then personally searched and his automobile was searched. The second glove was found along with the crowbar. In addition to the adding machine found in the back seat of the car, the Police discovered, in the locked trunk, two new tires.
Subsequently, the tires found in the trunk of defendant’s automobile were identified by the owner of a filling station, which had been burglarized on December 10th, but which was not reported until the following day as having been stolen from his station. This station- was located approximately one mile from the one involved in the report from the passing motorist. This station owner gave the Police a list of other articles missing from his , station. The Police obtained a search warrant, searched defendant’s apartment and discovered other arti-. cles listed as having been taken from the same station as the tires.
An information was filed against the defendant by the County Solicitor for Dade County alleging breaking and entering with intent to commit grand larceny and grand larceny. Defendant plead “not guilty” and waived jury trial. Defendant moved to suppress the evidence flowing from the search of his automobile, which motion was granted by the trial court. The court heard the testimony of one of the two arresting Police Officers in support of this motion. Next defendant ’ moved to quash the warrant for search of his apartment and to suppress the evidence seized thereunder, upon which motion the court reserved its ruling. Testimony of both arresting Officers, the operator of the premises alleged to have been entered, and another investigating officer was heard. At the conclusion of the State’s case, the court set aside its earlier order suppressing the evidence flowing from search of defendant’s automobile and denied the motion to quash the search warrant for search of the apartment and to suppress the evidence seized thereunder. The defendant was adjudged guilty of breaking and entering with intent to commit grand laceny. Defendant’s motion for new trial was denied and he then entered his notice of appeal.
Questions raised on appeal are whether or not there was a lawful search of and seizure of evidence found in (1) defendant’s automobile and (2) his dwelling. It is conceded by the State that probable cause for the search warrant for the apartment was based in part upon the finding of the tires in the automobile. Consequently, if'it is our finding that the search of the car was unlawful it necessarily follows the search of the apartment was also unlawful. Since defendant’s only objection to the search of the apartment is that it was predicated upon an unlawful halting of defendant’s car, if we find that the halting and search of the car was lawful we must also rule that the search of the apartment was lawful.
From the testimony of the officers who halted defendant’s car and searched it, it is admitted that they observed no unlawful act being committed by defendant in their presence. No report had been made to them that the filling station near which defendant had been observed by the passing motorist had been broken into that night. Both, however, had heard reports that an adding machine had been stolen from another location earlier that night. When they stopped defendant’s car they did not observe the adding máchine, they did not see the machine until after they had “frisked” the defendant. - One officer testified that he knew another filling station had been en *79 tered that night and since defendant’s car was observed parked near a station and defendant was observed wearing gloves and carrying a crowbar he was suspicious.
There is no precise - formula for determining whether a search is an unreasonable one prohibited by our Federal Constitution, U.S.Const. Amend. IV. Each case must turn on its own facts. Drayton v. U. S., 5 Cir., 1953, 205 F.2d 35. This Court, however, has ruled that an officer without a warrant of arrest is not authorized to take one into custody on nothing more than a bare suspicion. Kersey v. State, Fla.1952, 58 So.2d 155. We said there that this was particularly applicable when the one apprehended was lawfully traveling a highway in the nighttime. And in the case of Collins v. State, Fla.1953, 65 So.2d 61, we expounded the rule that an officer may arrest one without a warrant if he commits a crime in his presence, but that if no crime is so committed the officer may only arrest him if he is convinced he could show the court he possessed probable cause. If the information possessed by the Officers prior to halting defendant’s car was sufficient to enable them to secure a warrant for the arrest of defendant, then probable cause did exist as a basis for the arrest.
We have held that it is not every search of an automobile without a warrant that is unlawful, but only one that is unreasonable. Longo v. State, 1946, 157 Fla. 668, 26 So.2d 818. If the arrest is lawful, then reasonable search and seizure may be made incident thereto. Mixon v. State, Fla.1951, 54 So.2d 190.
The question then is whether in the instant case the stopping of the defendant was a lawful arrest based on probable cause or was unlawful in that it was based on mere suspicion. It is my opinion that the search of defendant’s automobile and seizure of evidence therein was not reasonable in that the arrest itself was unlawful. The arrest was unlawful in that the arresting Officers had no warrant, the defendant was not observed in the commission of a crime in their presence, and they acted on what appears to me to be bare suspicion. They did not see him at the station with the gloves or crowbar. They could not identify their informant as being a reliable source of information. The' Officers did not possess sufficient -information to constitute probable cause on which to base a warrant for arrest of defendant, had they had opportunity to apply for one before the arrest. The search and seizure having been unreasonable and unlawful, the evidence obtained through such should have been suppressed by the trial court.
It follows necessarily that the evidence secured through a search of the apartment should have been suppressed. A search must be lawful in toto and one which is unlawful ab initio is .not made lawful by what is found in consequence thereof. Kraemer v. State, Fla.1952, 60 So.2d 615. If an arrest is illegal everything that proceeds from it is illegal. Brown v. State, Fla.1952, 62 So.2d 348, 349. The sole probable cause for the issuance of the warrant for search of defendant’s apartment was information flowing from the pfior illegal arrest of defendant and subsequent search of his automobile.' ■ Information so-obtained may not be properly utilized as the sole probable cause for issuance of a search warrant. To hold otherwise would violate defendant’s constitutional protection from unreasonable searches. See 47 Am. Jur., Searches and Seizures, Sec. 74; 79 C.J.S., Searches and Seizures, § 74(3), p. 871; Annotation, 143 A.L.R. 135 (1942); Boynton v. State, Fla.1953, 64 So.2d 536, 552.
Had the evidence been properly suppressed, the trial court could not have found as it did, as the objectionable evidence was the only evidence submitted.
I would reverse the judgment.
THOMAS and HOBSON, JJ., concur.