Robert N. **RODRIGUEZ**, Appellant,

v.

H. L. **HANCHEY**, Warden, Appellee.

No. 22914.

United States Court of Appeals
Fifth Circuit.

May 3, 1966.

Robert N. Rodriguez, pro se.

Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, Jodie W. Stout, Asst. Atty. Gen. of Louisiana, for appellee.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

THORNBERRY, Circuit Judge:

This is an appeal from an order denying appellant's application for writ of habeas corpus.

Appellant is presently serving a fifteen year sentence in Louisiana State Penitentiary for violation of L.R.S. § 40:962 (illegal possession of narcotics) and L.R.S. § 15:529.1 (multiple offender statute). After exhausting his state court remedies, appellant filed an application for habeas corpus in the District Court, alleging that (1) he was convicted on evidence obtained by an illegal search and seizure, (2) he has been denied a transcript of the state court proceedings against him, and (3) the bill of information filed against him in state court which charged him with being a multiple offender was "false."

The District Court appointed counsel for appellant, obtained and studied all available records pertaining to the state court proceedings, and held a full evidentiary hearing on the allegations in his petition. At the hearing, appellant also asserted that his constitutional rights had been violated in that (1) his attorney did not have time to prepare his case in state court, (2) he did not plead guilty to the multiple offender charge, and (3) he was beaten by one of the officers who arrested him. These latter contentions were also considered and rejected by the District Court. We affirm.

At the habeas corpus hearing, the following facts were found by the District Court and find ample support in the record: The New Orleans police officers had been searching for one Craig Miller, who was wanted for armed robbery and who was known to traffic in and to use narcotics. On April 16, 1962, the police officers, with a search warrant, went to 1527 Euterpe Street (Miller's apartment) to search for narcotics, weapons and a stocking used in the robbery. During their search of the premises, the officers found narcotics but were unable to find Miller. They continued their search for him, and on August 18, 1962, the police received information from an informer that Miller was on his way to 1127 St. Roch Avenue and that he did not know how long Miller would remain there. The officers rushed to that address, and through a rear window one of the officers saw Miller lying on a sofa in the back room. When the officer saw Miller, he knocked on the back door and appellant (Rodriguez) came to the door. The officers identified themselves as police and stated that they wanted Miller for armed robbery, whereupon appellant slammed the door shut. The officers did not have a search warrant for these premises, but when appellant slammed the door, one of the officers kicked the door open and both policemen entered. Miller jumped from the sofa and tried to run to the front of the house, but was apprehended by one of the officers. Appellant (Rodriguez) ran down a hallway toward a dresser and attempted to open one of the drawers. He was then grabbed and pinned against the wall by one of the officers, who proceeded to look into the drawer and found narcotics. Appellant was formally arrested and handcuffed, and a complete search of the premises was made. Miller, appellant and appellant's wife, who was also present, were all arrested on the charge of illegal possession of narcotics.

In the state trial court, all three defendants pleaded not guilty to the charges. Miller and appellant's wife were represented throughout the proceedings by counsel apparently of their own choice. On the day before the trial, appellant requested separate counsel from that of his wife, which request was immediately granted. Appellant's appointed counsel moved for a continuance, but his motion was denied. Trial proceeded

against all three defendants on September 19, 1962, and all three were found guilty by a jury.

Some time prior to trial, on August 8, 1962, motions to suppress evidence were filed on behalf of Miller and appellant's wife. After hearing, these motions were denied. On the day of the trial, appellant's appointed counsel filed a similar motion, which was also denied.

Miller and appellant's wife were sentenced on September 28, 1962, but appellant's sentence was deferred until October 15, 1962 because a multiple offender bill of information was to be filed against him. This bill of information was filed on October 3, 1962. On October 15, appellant appeared with counsel and, through his attorney, waived the reading of the information and pleaded guilty. He was then sentenced to serve 15 years.

Appellee urges that when appellant slammed the door in the officers' faces, he became an accessory after the fact, which is defined in L.R.S. § 14:25 as "any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment." Appellee therefore argues that the fact that appellant was not placed under formal arrest until after the narcotics were discovered is immaterial, since appellant can be considered as being under arrest for the felony of harboring a fugitive (that is, the felony of being an accessory after the fact) when he was pinned against the wall.

■ The law and the circumstances surrounding appellant's apprehension would appear to support appellee's contention. It is settled that the lawfulness of arrests by state officers for state offenses is to be determined by state law. Ker v. State of California, 1963, 374 U.S. 23, 37, 83 S.Ct. 1623, 1632, 10 L.Ed.2d 726, 740. Pertinent Louisiana statutory law on the subject of arrests is as follows:

L.R.S. § 15:58—"Arrest defined

Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person, whether such restraint be imposed by force or result from the voluntary submission of the person arrested to the custody of the one arresting him, but in neither event shall any person be subjected to any more restraint than is necessary for his arrest and detention."

L.R.S. § 15:60. "Arrest without warrant, when permitted—

Any peace officer may, without a warrant, arrest a person:

(1) For the commission of any felony or misdemeanor committed in his presence;

\*   \*   \*   \*   \*   \*

(3) When a felony in fact has been committed and he has reasonable cause to believe that such person has committed it;

(4) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it;

\*   \*   ·\*   \*   \*   \*

L.R.S. § 15:70. "Duties of officer arresting without warrant—

When arresting a person, without a warrant, the officer making the arrest shall inform the person arrested of his authority and the cause of the arrest, except when the person arrested is engaged in the commission of a criminal offense, or if he flees or if he forcibly resists arrest before the officer has time to inform him. \*   \*   \*"

L.R.S. § 15:72. "Forcible entry in making arrest; when authorized—

To make an arrest, \*   \*   \* a peace officer with a warrant or in cases of felony when authorized without a warrant, may break open an inner or outer door of any building in which the person to be arrested is or is reasonably believed to be if, after he has announced his purpose, he is refused admittance."

■ It is thus clear that under the circumstances and the laws of the State of Louisiana, the officers were not abusing their lawful authority when they forcibly entered the premises to arrest Miller. Before they attempted their entry, they identified themselves and expressly stated their purpose. Cf. Miller v. United States, 1958, 357 U.S. 301, 313, 78 S.Ct. 1190, 1197, 2 L.Ed.2d 1332, 1340. It is also apparent that appellant's action in slamming the door gave the officers reasonable cause to believe that appellant was engaged in the felony of knowingly harboring a fugitive, thus giving the officers grounds for arresting appellant without a warrant. ·

■ The question remains whether it can be said that appellant had been arrested when he was pinned against the wall prior to the officer's examination of the dresser drawer. This restraint would appear to fit within the definition of "arrest" in L.R.S. § 15:58. This is borne out by Rhodes v. Jordan, La.Ct.App. 1934, 157 So. 811, where the Louisiana court stated: "When one is detained by an officer against his will, he is under arrest and in the custody of said officer." It then follows that the search of the drawer and the seizure of the narcotics were incident to a lawful arrest and not suppressible. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Agnello v. United States, 269 U.S. 20, 46 S. Ct. 4, 70 L.Ed. 145; Landers v. United States, 5th Cir. 1962, 304 F.2d 577, 581; Henderson v. United States, 5th Cir. 1953, 206 F.2d 300; United States v. Pisano, 7th Cir. 1951, 193 F.2d 361.

■ Since we find that appellant was under lawful arrest prior to the time the narcotics were discovered, it is immaterial that he was subsequently placed under formal arrest for possession of narcotics rather than for harboring a fugitive. Harris v. United States, supra, 331 U.S. at 155, 67 S.Ct. at 1103, 91 L.Ed. at 1408.

■ We now turn to appellant's contention that he was denied effective assistance of counsel, in that his attorney did not have adequate time to prepare his case. As the district court pointed out, "under different circumstances, it might be held that appointment of an attorney on the day before trial could fall short of affording a defendant his constitutional right to the assistance of counsel at all stages of the proceedings against him." However, under all of the circumstances in this case, after careful review we agree with the district court that this contention is also without merit. First of all, on May 3, 1962, appellant, along with Craig Miller and Josephine Rodriguez (appellant's wife), was charged by bill of information with illegal possession of narcotics. On May 17, 1962, all three defendants were arraigned and pleaded not guilty. Miller and petitioner's wife, Josephine, were represented throughout by counsel, apparently of their own choice. Although appellant claims that he was not represented by counsel until an attorney was appointed for him the day before his trial, the district court found that prior to appellant's request for counsel, "there is little doubt but that the attorney who was representing petitioner's wife, Josephine, was also representing petitioner until the day before the trial."

■ It was not until some four months after he had been arraigned and entered his plea that appellant requested separate counsel from his wife. The request was immediately granted. An attorney was appointed. He moved for a continuance, which was denied. However, not every denial of a request for more time violates a defendant's constitutional rights. Avery v. State of Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921.

In the hearing before the district court, the attorney who represented appellant in the state court testified at length to the effect that appellant was not in any way prejudiced by the denial of the motion for continuance and by his appointment the day before trial because he, the attorney, had full opportunity to confer

with the other attorneys representing the other two defendants and after such conferences he concluded that the defenses of all three were identical. He further testified that he had the benefit of the thorough preparation made by the attorneys for the other two defendants. Appellant has failed to sustain the burden of showing that he did not have effective assistance of counsel. See William v. Beto, 5th Cir. 1965, 354 F.2d 698 and cases cited therein.

We do not deem it necessary to discuss the other contentions raised by appellant. Each of them was fully examined by the district court and found to be without merit. The evidence adduced at the habeas hearing clearly supports the findings of the district court.

The judgment is affirmed.