## UNITED STATES v. DIUGUID.
### No. 159.

Circuit Court of Appeals, Second Circuit.
Jan. 23, 1945.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Maurice Z. Bungard, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for plaintiff-appellee.

Fred G. Moritt, of New York City (Morris Eisenstein, of New York City, on the brief), for defendant-appellant.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

PER CURIAM.

The appellant was convicted and sentenced on each of four counts in an indictment charging (1) the unlawful possession of a still set up for the distillation of spirits and alcohol; (2) the unlawful manufacture of mash fit for the production of spirits and alcohol by distillation; (3) commencing and continuing in the business of a distiller without executing the bond required by law; and (4) the unlawful possession of distilled spirits in unstamped containers. The trial was by court, a jury having been waived.

Before trial a motion to suppress evidence was made and denied with leave to renew. It was renewed at the trial and the exception taken to its denial and the admission of the evidence is the sole ground of this appeal.

Police officers of the City of New York without a search warrant entered the appellant's home in Brooklyn, N. Y., and found a still in operation with mash suitable for producing distilled spirits and a quantity of such spirits. One of them then telephoned to a federal agent attached to the Alcohol Unit Division. In response to the information so received a federal agent went to the premises where he met the policeman who had telephoned and who was there with the appellant and the still, mash and alcohol which he had found and seized. The evidence sought to be suppressed is that which the police officer then turned over to the federal agent who arrested the appellant.

The court found on uncontradicted evidence that the federal agents did not act in concert with the police officers and that the federal officers knew nothing about the raid until it had been made. This is enough to establish those facts. United States v. Nardone, 2 Cir., 127 F.2d 521. It follows that whether the search and seizure by the police was lawful or not the evidence was admissible against the appellant. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159. When federal officers are not guilty of misconduct, evidence will not be suppressed merely because it was unlawfully seized by the police before the federal officers took possession of it. Miller v. United States, 3 Cir., 50 F.2d 505. The Fourth Amendment does not reach the misconduct of individual state officers. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915 C, 1177.

Judgment affirmed.