SERIO v. UNITED STATES.
No. 14292.

United States Court of Appeals
Fifth Circuit.
April 27, 1953.

Rehearing Denied July 27, 1953.

Lloyd C. Hoffman, New Orleans, La., for appellant.

G. Harrison Scott, Asst. U. S. Atty., New Orleans, La., Hilary J. Gaudin, John N. McKay, U. S. Atty., and Richard C. Baldwin, Asst. U. S. Atty., New Orleans, La., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Convicted below of unlawfully purchasing 100 capsules of heroin hydrochloride, not in or from the original stamped package, contrary to 26 U.S.C.A. § 2553(a), defendant assigns two primary errors on appeal. First, that the trial court should have suppressed certain evidence secured by a search without a warrant; second, that defendant's motion to dismiss the indictment should have been granted because, on the same facts, he had been previously tried and acquitted in the courts of Louisiana of unlawfully possessing the same heroin, contrary to Louisiana Statutes Annotated Rev.Stat.1950, Title 40, sec. 962.

The search was by three New Orleans police officers. No federal officers were present. While the city police officers were investigating a residence where they were informed that narcotics were unlawfully possessed at about 9:50 p. m. on January 5, 1951, appellant drove up in his automobile, parked across the street from the residence under investigation, blew the automobile horn and called out the name of the occupant of the residence. The police officers crossed the street, looked into the car which was occupied by appellant alone, observed appellant apparently endeavoring to push two chewing gum wrappers off the front seat and out of view. One of the officers reached inside the automobile, picked up the wrappers, and found therein 100 capsules of heroin. The state court prosecution was based upon this possession. Seven months after the search, the evidence was turned over to federal narcotics agents, and appellant was then indicted in the federal district court for the offense now under consideration. There was a time prior to this search when federal and state narcotics officers worked out of the same office and collaborated in enforcing the anti-narcotics law. But the evidence shows that the practice had been discontinued months before this search, and federal and state officers were then working independently of each other.

Where, as here, the search was made wholly by state officers acting solely under state law, no federal officers being present, the search was not instigated nor participated in by federal officers, and there was no assistance, cooperation or collaboration by federal officers, the evidence obtained by such search, even though the search was unauthorized, is admissible in a prosecution by the United States based upon the illegal acquisition of the article

found by the search. The admission of evidence secured in such circumstances does not violate defendant's rights secured by the Fourth Amendment, as that Amendment operates only against the invasion of civil liberties by the United States.[1] The motion to suppress was properly denied. Scotti v. United States, 5 Cir., 193 F.2d 644, Id., D.C., 102 F.Supp. 747, where many authorities are discussed; Symons v. United States, 9 Cir., 178 F.2d 615; United States v. Diuguid, 2 Cir., 146 F.2d 848; United States ex rel. Rooney v. Ragen, 7 Cir., 173 F.2d 668; Shelton v. United States, 83 U.S.App.D.C. 257, 169 F.2d 665. See also cases cited in Note 1.

■■■ Appellant's second assignment stands no better. The cases are legion which hold that since the same act may constitute an offense against both federal and state law, an acquittal or conviction in one jurisdiction is no bar to a prosecution in the other.[2] In order to bar a subsequent prosecution, a former conviction or acquittal must have been for the same offense. Williams v. United States, 5 Cir.,

179 F.2d 644, 649. Compare Bacom v. Sullivan, 5 Cir., 200 F.2d 70.

■■■ Appellant says, however, that he relies, not upon former jeopardy, but upon *res judicata*. Pretermitting whether this question is properly raised by motion to dismiss the indictment, the contention is clearly without merit. The United States was not a party to the state court prosecution, and is not bound by it. While the same facts can not be twice litigated by the same sovereign against the same defendant, that principle is inapplicable where, as here, the subsequent prosecution is by another sovereign who was not a party to the first. It is obvious that the state court adjudication that appellant was not in possession of the heroin within the meaning of the laws of Louisiana, is not an adjudication that he did not purchase it contrary to the tax laws of the United States. Compare Williams v. United States, 5 Cir., 179 F.2d 644, 649.

Other assignments have been examined, but no reversible error found.

Affirmed.

1. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408; Elwood v. Smith, 9 Cir., 164 F.2d 449. Compare Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L. Ed. 293; Ward v. United States, 5 Cir., 96 F.2d 189.

2. A few of these are: United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L. Ed. 314; United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588; Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640; Hebert v. State of Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L. Ed. 270; 48 A.L.R. 1102. See also notes 16 A.L.R. 1231 and 22 A.L.R. 1551.