**FREDERICKS v. UNITED STATES.**

No. 14557.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1953.

Rehearing Denied Feb. 4, 1954.

Bernard A. Golding, Houston, Tex., for appellant.

Brian S. Odem and William R. Eckhardt, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was found guilty on three counts of an indictment charging a conspiracy to violate and violations of the narcotic laws. 18 U.S.C. § 371, 21 U.S.C.A. § 174, and 26 U.S.C. §§ 2553(a) and 2557(b). From a judgment entered thereafter, she appealed assigning as error the denial of her motion to suppress the evidence obtained by police officers of the City of Houston, Texas. The determinative question is whether the search was made by state or federal authority. The court below held that state officers made the search. The facts are substantially as follows:

On December 10, 1952, the U. S. Commissioner notified the U. S. Marshal that appellant's surety wanted her to be arrested so that he might be released from her bond, and a deputy U. S. Marshal was instructed to take her into custody. The deputy was given no information as to what charges were pending against her, but was told to make the arrest so that her bondsman might be released. The deputy proceeded to the tourist cabin where appellant was staying, but she was not there. After waiting most of the night, he left the tourist cabin before she returned, but gave instructions to an employee of the tourist court to telephone him when she arrived.

The following morning, the deputy marshal received at his home from said employee a telephone call informing him that appellant was in her cabin with several other persons, and that some men in the cabin were counting a large amount of money, all of which looked suspicious to him. Fearing that the appellant might leave before he could get there, the deputy telephoned one Lieutenant Martin, of the Houston Police Department, requesting him to have the appellant picked up; he also informed Martin about the money counting activities. The latter called another city officer, and told him of the suspicious money counting activities, but did not tell him to have the appellant picked up or that she was involved in any manner. The second officer then called two city detectives, who were in a patrol car near the tourist court, and told them that there were some men in the tourist cabin counting a large amount of money, and suggested that it might be the hi-jackers who had been operating in that vicinity.

Four Houston police officers went to the tourist cabin to investigate this information, but none of them had been told to arrest the appellant or that narcotics might be involved. The officers, without a warrant, knocked on the door of the cabin, forced their way in when the appellant attempted to close the door after opening it, and arrested the four occupants of the room as suspected hi-jackers. Upon entering the cabin, the officers had seen one of the occupants

counting some money. A search of the room resulted in the discovery of 10 grains of heroin and some hypodermic needles. There had been some hi-jacking in the vicinity during the previous night, and the officers testified at the trial that they were investigating suspects regarding the same; that they had received no information concerning narcotic violations. After the arrest the appellant and the other occupants of the cabin, together with the evidence found in the room, were taken to the city police station. Later, the persons so arrested and the evidence were turned over to the federal narcotics officers, who adopted the case and brought this prosecution.

■ The evidence shows that the city officers were only investigating a possible state offense. There was reason for them to believe that they might discover evidence relating to the robberies, which had occurred recently in that vicinity. The arresting officers did not enter the cabin seeking the appellant or looking for narcotics. The deputy marshal was not charged with the enforcement of anti-narcotic laws. He did not request the search and, beyond indicating to the local officers that there was something wrong, he was not the moving force of the search. The local officers conducted the search solely for the purpose of enforcing state laws. No violation of a federal law was suspected until the narcotics and the hypodermic needles were discovered. The evidence obtained by the city officers, while searching entirely on their own initiative in furtherance of their duties as local officers, was properly admitted. The admission of evidence secured in such circumstances does not vitiate the appellant's rights secured by the Fourth Amendment, as that amendment operates only against the invasion of civil liberties by the United States. The motion to suppress was properly denied. Lustig v. United States, 338 U.S. 74, 79, 69 S.Ct. 1372, 93 L.Ed. 1819; United States v. Diuguid, 2 Cir., 146 F.2d 848; Shelton v. United States, 83 U.S.App.

D.C. 257; 169 F.2d 665; United States ex rel. Rooney v. Ragen, 7 Cir., 173 F.2d 668; Symons v. United States, 9 Cir., 178 F.2d 615; Scotti v. United States, 5 Cir., 193 F.2d 644; Serio v. United States, 5 Cir., 203 F.2d 576.

■ We think that the evidence was sufficient to support the judgment of the court below. The ten grains of heroin and the hypodermic needles were found in the cabin jointly occupied by appellant and her co-defendant. Under Section 2553(a), the absence of appropriate tax-paid stamps from any of the named drugs is *prima facie* evidence of a violation of said section by the person in whose possession the drugs are found. The appellant made no effort to disprove the *prima facie* case or to explain her possession of the narcotics. She knew that said narcotics were in the cabin, and admitted that they belonged to all of them. The possession of narcotics and the overt acts committed in connection therewith were sufficient to support the conviction. Aeby v. United States, 5 Cir., 206 F.2d 296; Henderson v. United States, 5 Cir., 206 F.2d 300. The judgment appealed from should be affirmed.

Affirmed.