**BURFORD v. UNITED STATES.**

No. 14890.

United States Court of Appeals,
Fifth Circuit.

June 23, 1954.

Bernard A. Golding, Houston, Tex., for appellant.

James T. Dowd, Asst. U. S. Atty., Brian S. Odem, U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellee.

Before STRUM, Circuit Judge, and DAWKINS and HOOPER, District Judges.

STRUM, Circuit Judge.

Defendant below, Roy Preston Burford, appeals from a conviction of having unlawfully acquired and had possession of 55 grains, more or less, of bulk marijuana, in Houston, Texas, on July 4, 1953, without having paid the transfer tax thereon, in violation of 26 U.S.C. § 2593(a).

The defendant was sentenced to serve ten years in the penitentiary, and to pay a fine of $1.00, that being the minimum sentence, as the defendant was a third offender under the narcotic statutes.

Briefly, the facts are that about 8:30 p. m., on Saturday, July 4, 1953, two Houston, Texas, police officers who were cruising together on their regular rounds, went to 4713 Polk Street to investigate a call from the city's police dispatcher that an intoxicated man was creating a disturbance and trying to break into a dwelling at that address. Upon arrival there, the defendant's daughter, age about 16, told the police that it was her father who had tried to break in, that he was circling the block in a green Buick sedan and that she was afraid of him.

At about that time, the defendant, who was divorced from the child's mother, again passed the house. The daughter pointed out the car and exclaimed "There he goes now." Whereupon the officers gave chase, overtook and arrested the defendant several blocks away.

One of the policemen told defendant to get out of the car on the driver's side, which he did, and while his person was being searched, the other policeman opened the righthand front door of the car and found on the seat an opened cigarette package, the contents of which aroused the policeman's suspicions. Be-

lieving it to be marijuana, he took it into his possession, and turned it over to the federal narcotic agent on Monday, July 6, 1953, when the federal complaint against defendant was made. The intervening day was Sunday.

When defendant was arrested and the search made, the state police officers had neither a warrant of arrest, nor a search warrant. Defendant moved to suppress the evidence, and relies upon the overruling of that motion as reversible error here.

It is not claimed either that the arrest or search were instigated by federal officers, or that the latter cooperated or participated therein, as in Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, and Sutherland v. United States, 4 Cir., 92 F.2d 305, 307.

The search was wholly by state officers acting under state law, entirely upon their own initiative. No federal officer was present, either actually or constructively. There is evidence of a general practice of cooperation existing at one time between state and federal officers in narcotic cases in the Houston area, but there is no evidence whatever of cooperation in this particular case, and even the general practice had been largely discontinued before this case was made.

Where, as here, the search was made wholly by state officers, acting solely under state law, no federal officers being present, the search was not instigated nor participated in by federal officers, and there was no assistance, cooperation or collaboration by federal officers, the evidence obtained by such search, even though the search was unauthorized, is admissible in a prosecution by the United States based upon the illegal acquisition of the article found by the search. The admission of evidence secured in such circumstances does not violate defendant's rights secured by the Fourth Amendment, as that Amendment operates only against the invasion of civil liberties by the United States. The motion to suppress was properly denied. Serio v. United States, 5 Cir., 203 F.2d 576; Fredericks v. United States, 5 Cir., 208 F.2d 712; Scotti v. United States, 5 Cir., 193 F.2d 644; United States v. Scotti, D.C., 102 F.Supp. 747, where many authorities are discussed.

The motion to suppress having been properly denied, and the defendant admitting his unlawful possession of the marijuana and his two previous convictions, it follows that the judgment appealed from should be, and is hereby

Affirmed.