**Robert LaVerne JONES, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15105.

United States Court of Appeals,
Eighth Circuit.

Dec. 15, 1954.

William M. Stapleton, Albany, Mo., (appointed by the District Court), for appellant.

O. J. Taylor, Asst. U. S. Atty., Springfield, Mo., (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

Robert LaVerne Jones was tried and convicted by a jury upon the charge of having purchased and sold narcotic drugs in violation of Section 2553(a), Title 26 U.S.C.A. The District Court imposed a sentence of five years imprisonment, and Jones has appealed.

The evidence against Jones on the trial consisted mainly of 14 capsules of heroin hydrochloride taken from his possession by two detectives of the Police Department of Kansas City, Missouri, on April 4, 1954, and his admissions made to them at that time and those made subsequently to a federal Narcotices Agent that the capsules were his and that he had recently purchased them.

The discovery of the capsules by the City detectives was entirely accidental. They had information that Jones had, or might have, participated in a recent hold-up. They found him in his apartment lying on a bed in his underclothes. They placed him under arrest as a robbery suspect. One of the detectives, thinking that Jones might have a gun under his pillow, turned it over and heard something rattle. The detective shook the pillow, and a small flash light fell out.

It contained 14 capsules of heroin, which Jones told the detectives he had recently purchased from a Mexican. The detectives took Jones and his heroin with them to Police Headquarters. The following day, the Officer in Charge of the Robbery Bureau of the Police Department turned the capsules over to a federal Narcotics Agent, to whom Jones made a statement as to where, when and from whom he had procured the capsules and how much he had paid for them.

The City detectives who discovered and took from Jones the capsules of heroin had no warrant for his arrest nor authority to search his pillow, his flash light or his apartment. The search and seizure was, from a legal standpoint, unreasonable and unauthorized, but no federal officer or agent had anything whatever to do with it.

Upon the arraignment of Jones, who was without means, the District Court appointed Mr. William M. Stapleton, of the Bar of Kansas City, Missouri, to defend. Upon the refusal of the defendant to plead, the court entered a plea of not guilty for him.

A timely motion was made by the defendant for the suppression of the heroin capsules as evidence, on the ground of the unlawfulness of the search. The motion was denied, and upon the trial the capsules were received in evidence over the objection that they were inadmissible because procured by a search and seizure violative of the defendant's rights under the Fourth and Fourteenth Amendments to the federal Constitution. The evidence of the Government, if admissible and credible, established conclusively the guilt of the defendant. He did not take the stand, but moved for a verdict of acquittal upon the ground that there was not sufficient lawful evidence to justify a verdict of guilty. The motion was denied.

Following the conviction and sentence of the defendant, the District Court permitted him to appeal in forma pauperis, and required the Government to furnish, at its expense, the record on appeal, apparently upon the theory that this Court ought to re-examine the rule, consistent-

ly adhered to, that evidence independently, even though improperly, procured by state officers operating solely on their own account is admissible in a federal court. Bruce v. United States, 8 Cir., 73 F.2d 972, 974; Lotto v. United States, 8 Cir., 157 F.2d 623, 625–626; Losieau v. United States, 8 Cir., 177 F.2d 919, 923.

In Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 250, 71 L.Ed. 520, the rule was stated by Mr. Justice Sutherland as follows: .

"We do not question the right of the federal government to avail itself of evidence improperly seized by state officers operating entirely upon their own account. But the rule is otherwise when the federal government itself, through its agents acting as such, participates in the wrongful search and seizure. * * *"

See, also, Burdeau v. McDowell, 256 U.S. 465, 475–476, 41 S.Ct. 574, 65 L.Ed. 1048; McGuire v. United States, 273 U.S. 95, 99, 47 S.Ct. 259, 71 L.Ed. 556; Feldman v. United States, 322 U.S. 487, 492, 64 S.Ct. 1082, 88 L.Ed. 1408; Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819; Irvine v. California, 347 U.S. 128, 136, 74 S.Ct. 381.

In Wolf v. Colorado, 338 U.S. 25, 33, 69 S.Ct. 1359, 93 L.Ed. 1782 (decided June 27, 1949), it was held by the Supreme Court that in a prosecution in a state court for a state crime the Fourteenth Amendment does not forbid the admission of evidence obtained by an unreasonable search and seizure. The Supreme Court said, however, on page 27 of 338 U.S., on page 1361 of 69 S.Ct.:

"The security of one's privacy against arbitrary intrusion by the police—which is at the core of the Fourth Amendment—is basic to a free society. It is therefore implicit in 'the concept of ordered liberty' and as such enforceable against the States through the Due Process Clause. * * *"

But the Court rejected the contention that the Due Process Clause prohibited

the admission in a state court of evidence obtained by an improper search and seizure. This was made clear by Mr. Justice Jackson in the majority opinion in Irvine v. California, supra (decided February 8, 1954), on pages 132–134 of 347 U.S., on pages 382–384 of 74 S.Ct. Moreover in that case, on page 136, of 347 U.S. on page 385 of 74 S.Ct. he said: "Even this Court has not seen fit to exclude illegally seized evidence in federal cases unless a federal officer perpetrated the wrong."

On the same day, in 1949, that the Wolf case, 338 U.S. 25, 69 S.Ct. 1359, was decided, the Supreme Court decided the case of Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, in which it was held that, since a federal agent had joined state officers in conducting the search complained of in that case, the evidence obtained was inadmissible in a federal court under the rule in the Byars case, 273 U.S. 33, 47 S.Ct. 250. The Court added, however, on page 79 of 338 U.S., on page 1374 of 69 S.Ct.: "Where there is participation on the part of federal officers it is not necessary to consider what would be the result if the search had been conducted entirely by State officers." That statement in the Lustig case plus what was said in the Wolf case about the Fourteenth Amendment in connection with the search and seizure problem, has led counsel for the defendant in the instant case to believe that this Court should now hold that the heroin capsules taken from the defendant should have been suppressed on the ground that the arbitrary intrusion of the City detectives into his privacy was prohibited by the Fourteenth Amendment, which forbade the use of the capsules as evidence in the federal court, the same as though they had been obtained by federal officers in violation of the Fourth Amendment.

It is our opinion that the rule as stated in the Byars case is still the law. We think that is indicated by what is said in Irvine v. California, on page 136 of 347 U.S., on page 385 of 74 S.Ct., and by the opinion of the four justices who dissented in the Lustig case, on pages 80–81 of 338 U.S., on pages 1374–1375 of 69 S.Ct., and also by the recent denials of certiorari in the cases of Serio v. United States, 5 Cir., 203 F.2d 576, certiorari denied 346 U.S. 887, 74 S.Ct. 144, and Fredericks v. United States, 5 Cir., 208 F.2d 712, certiorari denied 347 U.S. 1019, 74 S.Ct. 875, with notation that Mr. Justice Black and Mr. Justice Douglas were of the opinion that certiorari should be granted. The facts in the Serio case and the Fredericks case are substantially identical with the facts in the instant case, and the problem presented was no different. Each of the cases involved the discovery and seizure of contraband narcotics by state officers operating independently but without warrant or other authority, which narcotics the accused sought unsuccessfully to have suppressed as evidence.

The procedural rules relative to the exclusion or suppression of evidence obtained through unlawful searches and seizures are judge-made rules. The Supreme Court of the United States has the power to limit or to expand them. That Court can—as counsel for the defendant thinks it will—prevent the federal trial courts from convicting criminals on evidence independently obtained by state officers through unreasonable searches and seizures, thought to be violative of the rights of privacy of the accused. But the Supreme Court has not yet done so. This Court will adhere to the rule as stated in the Byars case, on page 33 of 273 U.S., on page 250 of 47 S.Ct., unless and until the Supreme Court has expressly repudiated or explicitly changed it.

We are grateful to counsel appointed by the District Court, who without compensation has on his own time and at his own expense painstakingly and ably represented the defendant in the District Court and on this appeal. If certiorari to the Supreme Court is applied for, there will be no Clerk's costs or fees charged in this Court.

The judgment appealed from is affirmed.