Robert Frederick **HUFF**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17690.

United States Court of Appeals Fifth Circuit.

Dec. 14, 1959.

Joseph A. Calamia, Daniel Y. Garbern, El Paso, Tex., Gerald Weatherly, Laredo, Tex., for appellant.

James E. Hammond, Asst. U. S. Atty., El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., Lawrence L. Fuller, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

RIVES, Chief Judge.

The jury returned a verdict of guilty on two counts charging violations of Section 545, Title 18 United States Code.[1] Upon the judgment of conviction on that verdict, the defendant was sentenced to two years' imprisonment on each count, the sentences to run concurrently. This appeal ensued.

The first count was based upon the first paragraph of Section 545, quoted in footnote 1, supra, and charged that on or about September 4, 1958, in El Paso County, Texas, the defendant "with intent to defraud the United States, knowingly and wilfully smuggled and clandestinely introduced into the United States certain merchandise which had not been invoiced as required by law, to wit, One Lady's Diamond Ring, Emerald cut, approximately 2¼ carat in an iridium platinum setting; One Man's Diamond Ring, approximately 2 carats, in white gold setting; One Man's Diamond Ring, approximately 1 carat, in white gold setting; Four Lady's Rings with semiprecious stones and Four Man's Rings with semi-precious stones, and One 21 Jewel Man's Longines Wrist Watch in platinum case with platinum bracelet."

The second count was based upon the second paragraph of Section 545, quoted in footnote 1, supra. The time, place, and the description of the jewelry or merchandise were the same as in the first count. The second count charged that the defendant "fraudulently and knowingly concealed and facilitated the transportation and concealment after importation of" said described jewelry or merchandise "knowing the same to have been imported and brought into the United States contrary to law, and without having been invoiced as required by law."

The appellant's first insistence on error is in the denial of his motion to dismiss the indictment because each count failed to show that any particular law required that the articles be invoiced, and the words "contrary to law" in the second count were insufficient without the allegation of additional facts coupled with the violation of some specific law claimed to be violated. The Government filed what it termed a "controverting motion," paragraph numbered III of which reads as follows:

"If the defendant desired additional information or facts concerning the alleged violation, the said defendant should have made his motion for a bill of particulars as to the desired information, which was not done; that the defendant and his attorneys are well aware that the merchandise was smuggled and introduced into this country and was transported and concealed in this country without having been invoiced as required under Title 19, Section 1484, United States Code."

---

1. That section reads in part as follows:
"§ 545. *Smuggling goods into the United States*

"Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

"Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

"Shall be fined not more than $10,000 or imprisoned not more than five years, or both."

In Dunbar v. United States, 1895, 156 U.S. 185, 193, 15 S.Ct. 325, 328, 39 L.Ed. 390, the Court approved as the general understanding of the meaning of "smuggling," Bouvier's definition, "The fraudulent taking into a country, or out of it, merchandise which is lawfully prohibited." In the leading case of Keck v. United States, 1899, 172 U.S. 434, 455, 19 S.Ct. 254, 43 L.Ed. 505, the Court construed the predecessor to Title 18, Section 545, United States Code, and commented at great length on the meaning of "smuggles, or clandestinely introduces" in part as follows:

> "A reference to the English statutes sustains the statement of the text writers above quoted that the words 'smuggling' and 'clandestine introduction,' so far at least as respected the introduction of dutiable goods from without the kingdom, signified the bringing of the goods on land, without authority of law, in order to evade the payment of duty; thus illegally crossing the line of the customs authorities." Keck v. United States, supra, 172 U.S. at pages 446, 447, 19 S.Ct. at page 258.

See also Wong Bing Nung v. United States, 9 Cir., 1955, 221 F.2d 917, 919; Hill v. United States, 4 Cir., 1930, 42 F.2d 812, 814; Tomplain v. United States, 5 Cir., 1930, 42 F.2d 203, 204.

In the Keck case, supra, a count was held sufficient which charged:

> " * * * in substance that Keck 'did knowingly, willfully and unlawfully, and with intent to defraud the revenue of the United States, smuggle and clandestinely introduce into the United States, to wit, into the port of Philadelphia,' certain 'diamonds' of a stated value, which should have been invoiced, and duty thereon paid or accounted for, but which, to the knowledge of Keck and with intent to defraud the revenue, were not invoiced nor the duty paid or accounted for." 172 U.S. at page 438, 19 S.Ct. at page 255.

■ In Hill v. United States, supra, the Fourth Circuit said that there could be no question as to the sufficiency of a count charging smuggling and clandestine introduction in the language of the former statute, and commented generally, "The time has passed when convictions will be reversed in the courts of the United States for mere technical defects in pleading." 42 F.2d 812, 814. See also Rules 2 and 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. "designed to eliminate technicalities in criminal pleading and to simplify procedure." Contreras v. United States, 5 Cir., 1954, 213 F.2d 96, 99.

■ The opinion in Babb v. United States, 5 Cir., 1955, 218 F.2d 538, 540, carefully pointed out that the indictment there held insufficient was under the second distinct paragraph of Section 545, quoted in footnote 1, supra, and explained that,

> "There is a vast difference between smuggling, clandestinely introducing, using false or forged documents, etc., on the one hand, and importing, bringing in or receiving, etc., merchandise, since the first manifestly is unlawful and evil per se, while importing, bringing in, receiving, etc., after importation, is not."

See also particularly footnotes 3, 4, and 7 to that opinion. In the present case, we conclude that the first count was clearly sufficient as against the motion to dismiss.

When the second count used the phrase, "without having been invoiced as required by law," the omission of the citation of Section 1484 of Title 19, U.S.C.A. supplied by the Government's "controverting motion" did not furnish ground for the dismissal of the count. Rule 7(c), Federal Rules of Criminal Procedure. Under the holding of the last Babb case, 5 Cir., 1958, 252 F.2d 702, we think that the second count also was entirely sufficient as against the motion to dismiss.

As we construe the Government's "controverting motion" from which we have quoted, 273 F.2d at page 58, it relied as to the first count on the well-understood

meaning of the words "smuggled and clandestinely introduced into the United States," but, as to the second count, it elected to rely upon the claimed violation of Section 1484, Title 19, U.S.C.A. Unfortunately for the Government, however, no attempt was made to prove one of the requirements of that Section. The Act of August 8, 1953, c. 397, § 16(b), 67 Stat. 509, 517, substituted "five days" for "forty-eight hours" in the second sentence of Section 1484(a) so as to allow entry to be made within five days after the report of the vehicle. According to the Government's evidence, the defendant in his automobile entered the United States from Mexico by way of the Santa Fe Street Bridge at El Paso, Texas, and passed through one of the customs inspection lanes provided at the end of that bridge—all on September 4, 1958. The proof of failure to make entry for the jewelry or merchandise described in the indictment extended only through September 6.[2]

 The defendant moved for a judgment of acquittal at the close of all the evidence on the ground that the evidence was insufficient to sustain a conviction. Rule 29, Federal Rules of Criminal Procedure, does not require the grounds of such a motion to be more specifically stated. See United States v. Jones, 7 Cir., 1949, 174 F.2d 746, 748. Without more, then, we must hold that the denial of defendant's motion for judgment of acquittal as to the second count would require a reversal unless the two-year concurrent sentence can be sustained under the first count. See Abrams v. United States, 1919, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173; Sinclair v. United States, 1929, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692.

 The defendant's arrest and prosecution grew out of his surveillance by two detectives of the El Paso Police Department who suspected that he might be bringing crooked gambling paraphernalia from Mexico into the United States. A considerable part of the testimony is directed to showing that the diamonds and jewelry found in his possession were to be used as a part of a fraudulent scheme. The appellant urges that the district court erred in admitting all such evidence. The Government insists that concealment of the intended illegal use of the jewelry and merchandise showed the defendant's purpose or motive in committing the crimes with which he was charged. We have heretofore held that the district court exercises a broad discretion in admitting this type of testimony to show the defendant's motive, but that the jury should be cautioned that the evidence is admitted only for the light that it might throw on the federal offenses on trial; that care should be exercised by the court to avoid a conviction of the defendant for the federal offenses, merely because the jury concluded that he was committing other crimes. Montgomery v. United States, 5 Cir., 1953, 203 F.2d 887, 891; Ford v. United States, 5 Cir., 1954, 210 F.2d 313, 317; Baker v. United States, 5 Cir., 1955, 227 F.2d 376, 377; Ehrlich v. United States, 5 Cir., 1956, 238 F.2d 481, 484. See 22 C.J.S. Criminal Law § 687; 2 Wigmore on Evidence, 3rd ed., Sections 300, et seq. While we find no reversible error in the admission of this type of evidence, we think that upon another trial the district court may well exercise greater caution to confine the jury to its consideration only insofar as relevant to the defendant's guilt or innocence of the particular offenses charged in the indictment.

 Appellant urges that the district court erred in denying defendant's mo-

---

2. That proof was furnished by the testimony of a Supervisory Entry Officer of United States Customs, as follows:
 "Q. Have you examined the entry records of this station for a period prior to September 4, 1958, and subsequent thereto for any entry that may have been made upon merchandise and more particularly diamond rings and/or watch on behalf of or by Robert Frederick Huff?
 "A. Yes, I have. I examined the records from August 29, 1958, through September 6th and I find no record."

tion to suppress as evidence and to return the property seized by the State officers in alleged violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. Unless and until the Supreme Court rules otherwise,[3] this Circuit is committed to recognition of the doctrine announced in Weeks v. United States, 1914, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652, that property illegally seized by state officers under no claim of federal authority and without federal participation is admissible in evidence. Fredericks v. United States, 5 Cir., 1953, 208 F.2d 712, 714; Serio v. United States, 5 Cir., 1953, 203 F.2d 576, 578.

One of the issues in this case was whether the jewelry was on the "free list," that is, exempt from duty, more particularly under Title 19, United States Code, Section 1201, Paragraph 1798(c)(1):

"(c) In the case of any person arriving in the United States who is a returning resident thereof—

"(1) all personal and household effects taken abroad by him or for his account and brought back by him or for his account. * * *"

Over the defendant's objection, the district court permitted the Government witness, Herman Cherry, a Supervisory Customs Inspector with 28 years experience, to testify to his construction and interpretation of the custom laws, statutes, rules and regulations and to give his opinion that the jewelry found in the possession of the defendant was of a commercial nature rather than personal effects.

Of course, the Government cannot in this manner be permitted to substitute its witness for the Court in charging the jury as to the applicable law. 7 Wigmore on Evidence, 3rd ed., Section 1952. Nor was the witness' opinion and conclusion admissible as to one of the ultimate facts to be decided by the jury. Mack v. United States, 5 Cir., 1959, 268

F.2d 931, 934. This testimony was highly prejudicial, and the error in its admission necessitates a reversal of the judgment of conviction on Count 1 as well as on Count 2.

It is not necessary to rule upon the numerous other claimed errors. Some of them are not substantial and the others need not and probably will not recur upon another trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.

3. See Hanna v. United States, 1958, 104 U.S.App.D.C. 205, 260 F.2d 723; United States v. Camara, 7 Cir., 271 F.2d 787,