**Gilbert HOLT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States Court of Appeals Sixth Circuit.

June 15, 1960.

Fred W. Kaess, U. S. Atty., Detroit, Mich., Peter B. Spivak, Asst. U. S. Atty., Grosse Point Farms, Mich., filed response.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Petitioner was convicted by a jury in the District Court for the unlawful possession of heroin and was sentenced to a term of ten years imprisonment as an habitual offender. 26 U.S.C. § 7237.

In the District Court he filed a motion for leave to appeal in forma pauperis which was denied by the District Judge on the ground that his claim of error was frivolous. In this Court he has renewed his motion for leave to appeal in forma pauperis.

The District Judge gave careful consideration to this motion. He pointed out in his order that the only error complained of by petitioner was "that the court should not have received in evidence the narcotics found in his pocket because of the alleged illegal search and seizure of the apartment where petition-

er was found and the alleged illegal arrest and search of petitioner's person by the state officers."

In his order, the District Judge mentioned the fact that during petitioner's trial, the court had entertained a motion to suppress this evidence and denied it on the ground that the state officers "did have sufficient cause to arrest petitioner without a warrant and that petitioner could not complain of the entry and subsequent search because the uncontroverted evidence showed that petitioner did not have a sufficient interest in the apartment in which he was found. All of the testimony, including the testimony of Phyllis Eades, the only defense witness, fails to show the reason for petitioner being in the apartment or that he was there with the consent of the owner or tenant."

■■ It should be observed that the prohibitions of the Fourth Amendment to the Constitution of the United States with respect to unreasonable search or seizure are applicable to federal agents rather than state officers and that evidence obtained by state officers is admissible in the federal courts irrespective of the manner in which it was secured unless obtained with the participation or connivance of federal officers. Feldman v. United States, 322 U.S. 487, 64 S. Ct. 1082, 88 L.Ed. 1408; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; United States v. Moses, 7 Cir., 234 F.2d 124; West v. United States, 5 Cir., 259 F.2d 868.

■ The certificate of the District Judge that the appeal was not taken in good faith is not to be lightly discarded. O'Rourke v. United States, 1 Cir., 248 F. 2d 812.

■ In our judgment, the District Judge was correct in denying petitioner's motion to appeal in forma pauperis.

Petitioner's motion for leave to appeal in forma pauperis filed in this Court is denied.