**Leland Woodrow JAMES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 16220.

United States Court of Appeals
Eighth Circuit.

July 12, 1960.

444

Michael J. Bogutski, Kansas City, Mo., made argument in behalf of the appellant. Alvin D. Shapiro, Kansas City, Mo., on the brief.

Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., made oral argument for appellee. Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief.

Before WOODROUGH and MATTHES, Circuit Judges, and MICKELSON, District Judge.

PER CURIAM.

By information, appellant was charged under Title 26 U.S.C.A. § 5851 with pos-session of an unregistered firearm, he was found guilty by a jury, was sentenced to imprisonment for a period of two years, and has appealed.

The crucial question is whether the court erred in permitting the unregistered shotgun to be received in evidence over timely objection that the weapon had been seized by officers of the State of Missouri as the result of an illegal search, thereby rendering the evidence inadmissible. It stands conceded that federal officers did not participate in the search of defendant's automobile which led to discovery and seizure of the weapon.

In overruling appellant's motion for judgment of acquittal, the Court announced that its action was predicated upon the ruling of this Court in Jones v. United States, 217 F.2d 381, observing that, although "there was an illegal search by the State officials and * * * the gun was obtained as a result of the search of the automobile * * * there is no evidence of any collusion between the [federal] and the State authorities in connection with the original arrest or the search and the Government adopted the case after the arrest had been made and in perfect good faith."

When the appeal was argued in this Court on September 15, 1959, we were aware that the Supreme Court had granted certiorari in Rios v. United States, 9 Cir., 256 F.2d 173, 359 U.S. 965, 79 S.Ct. 881, 3 L.Ed.2d 833, which presented a question identical to that before us, and shortly thereafter, on October 12, 1959, the Supreme Court granted certiorari in a similar case, Elkins v. United States, 9 Cir., 266 F.2d 588, 361 U.S. 810, 80 S.Ct. 61, 4 L.Ed.2d 58. We therefore elected to withhold our decision here until final determination of those two cases.

On June 27, 1960, opinions were handed down, in Elkins v. United States, 80 S.Ct. 1437, 1453, and Rios v. United States, 80 S.Ct. 1431, 1453, striking down the so-called "silver platter" doctrine whereby evidence illegally obtained

by state officers was admissible in federal courts, so long as no federal officer was connected with the illegal search. The substance of the Supreme Court's rulings may be illustrated by the holding in the Elkins decision, wherein the Court stated, 80 S.Ct. at page 1447 "[W]e hold that evidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment is inadmissible over the defendant's timely objection in a federal criminal trial."

The Supreme Court, in Elkins v. United States, 80 S.Ct. at page 1447, further stated, very clearly, the test to be applied in determining the admissibility of evidence seized by state officers:

"In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed."

In our search of the record before us, we find that it will be unnecessary to remand this case to the trial court for further consideration of the question of the unlawfulness of the search. At one point in the proceedings, the trial court observed:

"I will say to you, gentlemen, that the arrest in this case, in the opinion of the Court, was not a legal arrest under the law, and [if] the Federal agents acquired this evidence under the same circumstances, nothing could have been done by the Court itself but to sustain the motion to acquit the defendant."

The record fully supports this conclusion of the trial court. Briefly stated, the arrest leading to subsequent discovery of the gun, grew out of an oral complaint that defendant had threatened a female acquaintance; he was arrested without a warrant, "for investigation of the peace disturbance charge," a misdemeanor; at the time of his arrest, defendant was not committing "any kind of illegal act or any kind of breach of the peace." Clearly an arrest and subsequent search by federal officers, under such circumstances, would have rendered any evidence so seized inadmissible. See Title 18 U.S.C.A. § 3052 limiting the power of federal officers to arrest without a warrant.

In view of the record before us, and the ruling in the Elkins case, the judgment is reversed and remanded with directions to enter judgment of acquittal. Mandate shall issue forthwith.