John RYAN, a/k/a Valentine Borski,
Petitioner,

v.

George A. KROPP, Warden, State Prison
of Southern Michigan, Respondent.

Civ. A. No. 27125.

United States District Court
E. D. Michigan, S. D.

April 13, 1966.

John Ryan, in pro. per.

Frank J. Kelley, Atty. Gen., by George
E. Mason and Patrick J. Foley, Asst.
Attys. Gen., for The State of Michigan.

McCREE, District Judge.

Petitioner seeks a writ of habeas corpus after having exhausted his state remedies. His sole contention, as stated at the hearing held in this matter, is that the State of Michigan failed to apply the proper procedure to his sentencing, thereby resulting in a violation of his constitutional rights.

Petitioner was sentenced in the Jackson County Circuit Court upon a conviction of Escaping Prison, Second Felony, to a term of one and one-half to four and one-half years to commence at the expiration of any sentences he was serving at the time of his escape pursuant to the provisions of the Habitual Criminal Act, Mich.Stat.Ann. § 28.1082, Comp.Laws 1948, § 769.10. The maximum sentence prescribed by statute for the offense of Escaping Prison is a term of three years, to run consecutively to any other sentences which the prisoner may be serving. The Habitual Criminal Act, Mich.Stat. Ann. §§ 28.1082–28.1085, Comp.Laws 1948, §§ 769.10–769.13, provides that upon conviction of a second felony, the court may impose a sentence not more than one and one-half times the maximum term prescribed for a first conviction of such offense.

Petitioner concedes that he has been convicted of at least one felony prior to his conviction of Escaping Prison, Second Felony. He also concedes that an imposition of a consecutive term of imprisonment for a maximum of three years following a conviction of Escaping Prison would be proper under the Michigan statutory provisions. His only contention in these proceedings is that the state court had no statutory authority to impose in a consecutive manner the maximum four and one-half year term under the provisions of the Habitual Criminal Act.

In support of this contention, petitioner argues that Mich.Stat.Ann. § 28.1085 sets forth the controlling procedure for all sentences imposed pursuant to any of the provisions of the Habitual Criminal Act. This section sets forth the procedure whereby a prosecuting attorney, upon discovering that an individual has previously been convicted of one or more felonies, may institute supplemental proceedings to bring said individual under the sentencing provisions of the Habitual

Criminal Act. Under those circumstances, upon conviction in the supplemental proceedings, the previous sentence must be vacated and a new sentence imposed according to the applicable provision of that Act.

Petitioner contends that this procedure should have been applied to him since he was charged and sentenced under the Second Felony provision of the Habitual Criminal Act, Mich.Stat.Ann. § 28.1082. He claims that if this procedure had been correctly applied to his sentencing, then all previous sentences on which he still had time to serve would have been vacated and he would have received a maximum term of four and one-half years from the date of sentencing.

The procedure set forth in Mich.Stat. Ann. § 28.1085 applies, by the language of the statute itself, only to the situation where supplemental proceedings are instituted to vacate the subsequent felony sentence and to impose an extended sentence under the provisions of the Habitual Criminal Act. I find no authority which would warrant adopting petitioner's contention, which would fly in the face of the apparent statutory scheme.

I find that petitioner's sentence was imposed in conformity with the procedure as authorized by the applicable Michigan statutes. Therefore, it is apparent that no constitutional rights of petitioner were violated on the grounds which he urges herein. Not urged, however, was the question whether the sentencing procedure, as found herein to be properly applied to petitioner, in any way violated any of petitioner's constitutional rights, and I expressly make no ruling on this question.

For the foregoing reasons, it is hereby ordered that respondent's motion to dismiss is granted.

Petitioner made an oral motion for leave to appeal in forma pauperis, which I hereby deny. I certify that the appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915 for the reasons set forth in the above memorandum. Holt v. United States, 279 F.2d 735 (6th Cir. 1960).